IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JOHN CHARLES GAUTHIER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-12-58-D |
| ) | |
| BOARD OF COUNTY COMMISSIONERS ) | |
| OF THE COUNTY OF CLEVELAND, *et al*., ) | |
| ) | |
| Defendants. ) | |

**O R D E R**

On January 18, 2012, Plaintiff filed a *pro se* Complaint pursuant to 42 U.S.C. § 1983 naming approximately nine defendants, including a state court judge, prosecutors, defense attorneys, and court officials.[1] The Complaint appears to concern a two-year series of events that led to Plaintiff's termination from a county drug court program. Plaintiff's pleading is a 239-page document that consists of introductory paragraphs, a list of defendants, an index, a list of general claims or legal theories (such as "retaliation and conspiracy"), a 44-page litany of factual allegations, and 187 pages of exhibits. Although it purports to contain a "Prayer for Relief," the Complaint does not state what remedy or relief is sought. In short, from a review of Plaintiff's pleading, the Court cannot discern what claim Plaintiff wishes to make against whom, even when the Complaint is construed liberally under *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1984).

The Court finds the Complaint fails to satisfy federal pleading requirements. Rule 8 of the Federal Rules of Civil Procedure provides that a complaint "must contain: (1) a short and plain statement of the grounds for the court's jurisdiction . . . ; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought . . . ." Fed. R.

---

[1] Thirteen individual defendants are listed in the body of the Complaint, but the caption omits some individuals and instead names an employing agency, such as the Cleveland County Board of County Commissioners or the Cleveland County District Attorney's Office.

Civ. P. 8(a). To be sufficient, "[s]pecific facts are not necessary; the statement need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Padrus*, 127 S. Ct. 2197, 2200 (2007) (internal quotations and citations omitted); *see Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964 (2007). In the context of a § 1983 case such as this one, where Plaintiff has sued both government agencies and a number of government actors in their individual capacities, it is particularly important "that the complaint make clear exactly *who* is alleged to have done *what* to *whom*, to provide each individual with fair notice as to the basis of the claims against him or her, as distinguished from collective allegations against the state." *See Robbins v. Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008) (emphasis in original).

In this case, Plaintiff's pleading does not comply with Rule 8(a) and fails to provide fair notice of his claims. Because Plaintiff has been authorized to proceed *in forma pauperis* and his Complaint is deficient, the action is subject to dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). In light of his *pro se* status, however, Plaintiff will be permitted to amend his pleading. Nevertheless, Plaintiff is cautioned that a *pro se* litigant must "'follow the same rules of procedure that govern other litigants.'" *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (quoting *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir.1994)).

IT IS THEREFORE ORDERED that Plaintiff shall file an amended complaint that complies with Rule 8(a) not later than February 10, 2012. Failure to comply with this Order will result in the dismissal of this case without further notice to Plaintiff.

IT IS SO ORDERED this 26th day of January, 2012.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE