IN THE UNITED STATES DISTRICT COURT FOR THE

WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JOHN CHARLES GAUTHIER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| | ) CIV-12-58-D |
| v. | ) |
| | ) |
| CLEVELAND COUNTY BOARD OF | ) |
| COUNTY COMMISSIONERS, et al., | ) |
| | ) |
| Defendants. | ) |

ORDER TO SHOW CAUSE AND REPORT AND RECOMMENDATION

On January 18, 2012, Plaintiff, a state detainee appearing *pro se* and *in forma pauperis*, filed this civil rights action pursuant to 42 U.S.C. § 1983. The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). In his second Amended Complaint filed February 24, 2012 (Doc. # 20), Plaintiff asserts numerous constitutional deprivations and seeks damages and other relief from eight Defendants.[1]

---

[1] The Amended Complaint filed on February 24, 2012, supersedes Plaintiff's previous pleadings and renders them without legal effect. See Davis v. TXO Prod. Corp., 929 F.2d 1515, 1517 (10th Cir. 1991); see also Miller v. Glanz, 948 F.2d 1562, 1565 (10th Cir. 1991). Pursuant to the Order entered March 1, 2012 (Doc. # 23), the former Defendants not named in the second Amended Complaint have been dismissed from the action without prejudice.

At the time he filed his second Amended Complaint, Plaintiff was not in custody. In a notice filed April 12, 2012, Plaintiff alerted the Court that he had been returned to custody as a detainee at the Cleveland County Detention Center.[2] On the same date, Plaintiff filed a Motion for Injunctive Relief. (Doc. # 41). Defendant Davis has responded to Plaintiff's Motion for Injunctive Relief. (Doc. # 49). In reply to the response, Plaintiff filed "Plaintiff's Traverse Response to Defendant Carrie Davis's Response to Plaintiff's Motion for Injunctive Relief." (Doc. # 51). Defendant Davis has moved for leave to file a surreply to Plaintiff's reply. (Doc. # 54).

On May 16, 2012, Plaintiff filed a Motion to Supplement Request for Injunctive Relief. (Doc. # 53). In response to this Motion, Defendant Davis has filed Defendant's Objection to Plaintiff's Motion to Supplement Request for Injunctive Relief. (Doc. # 57). In reply to this response, Plaintiff has filed Plaintiff's Response and Objection. (Doc. # 58). On July 11, 2012, Plaintiff filed a pleading entitled "Complaint and Notice to the Court" in which Plaintiff also seeks injunctive relief. (Doc. # 64).

I. <u>Order to Show Cause - Lack of Service</u>

Rule 4(m) provides that if "service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice." Rule

---

[2]In a Notice to the Court (Doc. # 39) filed by Defendants Cleveland County Board of County Commissioners and Davis, these Defendants gave notice to all of the parties that Plaintiff had been arrested on an outstanding warrant on April 2, 2012, and was being held in the Cleveland County Detention Center due to his inability to post the requisite bond.

4(m) further provides, however, that the court may extend the time for service if the plaintiff shows "good cause" for the failure to timely serve a defendant. "If good cause is shown, the plaintiff is entitled to a mandatory extension of time." Espinoza v. United States, 52 F.3d 838, 841 (10th Cir. 1995). "If the plaintiff fails to show good cause, the district court must still consider whether a permissive extension of time may be warranted. At that point the district court may in its discretion either dismiss the cause without prejudice or extend the time for service." Id.

Plaintiff is not relieved of compliance with Rule 4's service requirements merely because he is proceeding *pro se*. DeCesare v. Stuart, 12 F.3d 973, 980 (10th Cir. 1993)(finding "[a] pro se litigant is still obligated to follow the requirements of Fed.R.Civ.P. 4."). See also Garrett v. Selby Connor Maddux & Janer, 425 F.3d 836, 840 (10th Cir. 2005)(recognizing that Tenth Circuit Court of Appeals "has repeatedly insisted that pro se parties follow the same rules of procedure that govern other litigants")(quotation omitted).

The Court's record shows that Defendant Sayers has not been served with process. On March 20, 2012, a return was filed by the United States Marshals Service reflecting that Defendant Sayers could not be located at the business address provided by Plaintiff and that "[n]o one employed at 215 W. Linn by name of Gail Sayers." (Doc. # 26).

Accordingly, because more than 120 days have passed since the time Plaintiff filed his Complaint in the instant action, Plaintiff is advised that the undersigned Magistrate Judge will recommend dismissal of the action without prejudice as to Defendant Sayers unless Plaintiff shows good cause on or before     August 1st    , 2012, for his failure to effect

service of process upon Defendant Sayers.

II. <u>Motion for Injunctive Relief</u>

In Plaintiff's Motion for Injunctive Relief filed April 12, 2012, Plaintiff asserts that he has been detained at the Cleveland County Detention Center beginning April 2, 2012. He alleges that since his detention began "jail staff has refused to provide [him] with copies of [his] pleadings and exhibits needed to file [his] responses" to Defendants' dispositive motions. Plaintiff further alleges that Defendant Davis, in her capacity as the jail's administrator, "refuses to allow [him] to receive any mail, other than letters from the court or attorney" although the jail's policy allows him to receive postcards from family and friends and "VA Representatives." He alleges that "jail staff" has denied his requests for "extra paper" and for "envelopes and postage," although Plaintiff admits he has been advised he will receive these resources in an "indigent pack" on a weekly basis. Plaintiff asserts he has not received his "indigent pack yet." In Plaintiff's Motion to Supplement Request for Injunctive Relief (Doc. # 53) and in his "Complaint and Notice to the Court" (Doc. # 64) Plaintiff again complains that he has been denied adequate legal resources needed to respond to Defendants' dispositive motions.

Plaintiff asserts no authority for his Motions seeking injunctive relief. A preliminary injunction may be issued only on notice to the adverse party. Fed.R.Civ.P. 65(a). In this case, all of the Defendants except Defendant Sayers have been served with process and have filed dispositive motions. Assuming Plaintiff is seeking a preliminary injunction pursuant to Rule 65(a), Plaintiff must provide notice to the Defendants. However, Plaintiff's Motion

for Injunctive Relief contains no certificate of mailing.[3] Therefore, the pleading fails to comply with the Court's procedural rules. See LCvR 5.4(b).

Moreover, Plaintiff has not shown an entitlement to preliminary injunctive relief. "To obtain a preliminary injunction, the movant must show: (1) a substantial likelihood of success on the merits; (2) irreparable harm to the movant if the injunction is denied; (3) the threatened injury outweighs the harm that the preliminary injunction may cause the opposing party; and (4) the injunction, if issued, will not adversely affect the public interest." Gen. Motors Corp. v. Urban Gorilla, L.L.C., 500 F3.d 1222, 1226 (10th Cir. 2007). A preliminary injunction is an "extraordinary remedy," and therefore "the right to relief must be clear and unequivocal." SCFC ILC, Inc. v. Visa USA, Inc., 936 F.2d 1096, 1098 (10th Cir. 1991).

In Plaintiff's Motion for Injunction and other pleadings seeking injunctive relief, Plaintiff demands that this Court order jail officials to take certain actions to provide him with what he believes are adequate legal resources. This type of mandatory injunction "affirmatively require[s] the nonmovant to act in a particular way, and . . . place[s] the issuing court in a position where it may have to provide ongoing supervision to assure that the nonmovant is abiding by the inunction." Id. at 1099. This is a "specifically disfavored"

---

[3]Although a temporary restraining order may be issued without notice to the opposing party, such a motion must be accompanied by "specific facts in an affidavit or a verified complaint [which] clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and . . . the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required." Fed.R.Civ.P. 65(b)(1). Plaintiff's Motion does not provide the requisite facts or certification. Therefore, it is assumed Plaintiff is seeking a preliminary injunction under Fed.R.Civ.P. 65(a), which requires notice be given to the opposing parties.

type of injunction, and Plaintiff has a "heightened burden" of showing that "the exigencies of the case support the granting of a remedy that is extraordinary even in the normal course." O Centro Espirita Beneficiente Uniao Do Vegetal v. Ashcroft, 389 F.3d 973, 975 (10th Cir. 2004)(*en banc*). Thus, he "must make a strong showing both with regard to the likelihood of success on the merits and with regard to the balance of harms." Id. at 976.

The record shows Plaintiff has filed numerous pleadings, motions, and notices in this case. On April 25, 2012, Plaintiff timely responded to one pending dispositive motion filed by Defendants Sitzman and Simmons, and at his request he has been granted extensions of time to respond to dispositive motions filed by the remaining Defendants other than Defendant Sayers. Furthermore, Plaintiff seeks injunctive relief that is wholly unrelated to the claims asserted in his second Amended Complaint. Plaintiff has not demonstrated a likelihood of success on the merits of those claims, which appear to be barred on immunity grounds and/or as premature under Heck v. Humphrey, 512 U.S 477 (1994). Therefore, Plaintiff's Motion for Injunctive Relief (Doc. # 41) and Plaintiff's Motion to Supplement Request for Injunctive Relief (Doc. # 53) should be denied. Additionally, Plaintiff's "Complaint and Notice to the Court" (Doc. # 64) construed as a motion seeking injunctive relief of the same general mandatory nature should be denied. In light of this recommendation, Defendant Davis's Motion and Brief for Leave to File Surreply to Plaintiff's Traverse Response (Doc. # 54) should be denied as moot.

## RECOMMENDATION

Based on these findings, it is recommended that Plaintiff's Motion for Injunctive

Relief (Doc. # 41), Motion to Supplement Request for Injunctive Relief (Doc. # 53), and "Complaint and Notice to the Court" (Doc. # 64) construed as a motion seeking injunctive relief should be denied and that Defendant Davis's Motion [seeking] Leave to File Surreply to Plaintiff's Traverse Response (Doc. # 54) should be denied as moot.

Plaintiff is advised of the right to file an objection to this Report and Recommendation with the Clerk of this Court by __August 1st__, 2012, in accordance with 28 U.S.C. § 636 and Fed.R.Civ.P. 72. The failure to timely object would waive appellate review of the recommended ruling. Moore v. United States, 950 F.2d 656 (10th Cir. 1991); cf. Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996)("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.").

Further, Plaintiff is directed to show cause on or before __August 1st__, 2012, for his failure to effect service of process upon Defendant Sayers. This Report and Recommendation does not dispose of the issues referred to the undersigned Magistrate Judge in the captioned matter.

ENTERED this __13th__ day of __July__, 2012.

*signature*
GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE