IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

JOHN CHARLES GAUTHIER,          )
                                )
            Plaintiff,          )
                                )
                                )   CIV-12-58-D
v.                              )
                                )
CLEVELAND COUNTY BOARD OF       )
COUNTY COMMISSIONERS, et al.,   )
                                )
            Defendants.         )

SUPPLEMENTAL REPORT  AND  RECOMMENDATION

On January 18, 2012, Plaintiff, an individual appearing *pro se* and *in forma pauperis*,
filed this civil rights action pursuant to 42 U.S.C. § 1983.  The matter was referred to the
undersigned Magistrate Judge on July 5, 2012 (Doc. # 62) for initial proceedings consistent
with 28 U.S.C. § 636(b)(1)(B).  In his Amended Complaint[1] filed February 24, 2012 (Doc.
# 20), Plaintiff asserts numerous constitutional deprivations and seeks damages and other
relief from eight Defendants, including the Cleveland County Board of County
Commissioners.  At Plaintiff's request, his Amended Complaint was deemed amended to
dismiss Defendant Sayers and substitute Defendant Gail Wilcox in place of former
Defendant Sayers. Order (Doc. # 80).

---

[1]In an Order entered January 26, 2012, Plaintiff was directed to file an amended complaint
that complies with Fed.R.Civ.P. 8(a). (Doc. # 6).  Plaintiff filed an Amended Complaint on February
10, 2012 (Doc. # 8), and on February 24, 2012, Plaintiff filed a second Amended Complaint (Doc.
# 20).  As per the Court's Order entered March 1, 2012 (Doc. # 23), Plaintiff's Amended Complaint
(Doc. # 20) superseded his previous Complaint and previously-filed Amended Complaint.

According to Plaintiff's latest notice of change of address filed August 29, 2012, he is not in custody. (Doc. # 93).  Plaintiff was not in custody when he filed his original Complaint (see Doc. # 1, at 8) or when he filed his Amended Complaint (see Doc. # 20, at 1).

On March 15, 2012, Defendants Simmons and Sitzman moved to dismiss Plaintiff's cause of action against them pursuant to Fed.R.Civ.P. 12(b)(1) and (6). (Doc. # 24).  Plaintiff responded to this Motion. (Doc. # 46). Plaintiff moved to supplement his responsive pleading (Doc. # 70), and the motion was granted. (Doc. # 74).  With the undersigned's approval, Plaintiff's Motion to Supplement (Doc. # 70) was deemed an amendment to Plaintiff's previously-filed responsive pleading (Doc. # 46).

Also on March 15, 2012, Defendants Cleveland County Board of County Commissioners and Davis moved to dismiss Plaintiff's cause of action against them pursuant to Fed.R.Civ.P. 12(b)(6). (Doc. # 25).  Plaintiff has responded to this Motion. (Doc. # 67). Defendants Cleveland County Board of County Commissioners and Davis have filed a Reply to Plaintiff's Response. (Doc. # 76).

On April 11, 2012, Defendants Seright and Williams moved to dismiss Plaintiff's cause of action against them in their individual and official capacities pursuant to Fed.R.Civ.P. 12(b)(6). (Doc. # 38).  Plaintiff has responded to Defendants Seright and Williams' Motion to Dismiss. (Doc. # 102).

On April 19, 2012, Defendant Nelson moved to dismiss Plaintiff's cause of action against him. (Doc. # 44).  Plaintiff has responded to Defendant Nelson's Motion. (Doc. # 95).

On September 18, 2012, Defendant Wilcox moved to dismiss Plaintiff's cause of action against her in her individual and official capacities pursuant to Fed.R.Civ.P. 12(b)(6). (Doc. # 100).  Plaintiff has responded to Defendant Wilcox's Motion to Dismiss. (Doc. #103).

I. <u>Plaintiff's Claims</u>

In his Amended Complaint, Plaintiff asserts that on November 20, 2009, Defendants Sitzman, Seright, Williams, Davis, Wilcox, and Nelson, in their capacities as members of the Cleveland County Drug Court Team, and Defendant Cleveland County Board of County Commissioners, in its capacity as the "responsible party for the Cleveland County Drug Court Team pursuant to Title 19 O.S. Sections 194 and 195," "voted to terminate me from the [Cleveland County] Drug Court program and send [him] to prison without probable cause, in retaliation for lodging or filing several grievances and complaints (petition for redress), against drug court team members or people they are closely associated with." Amended Complaint (Doc. # 20), at 3.

As evidentiary support for his claims, Plaintiff relies on a "Motion to Terminate and Sentence in Accordance with Plea Agreement" filed in the District Court of Cleveland County by Defendant Sitzman on November 20, 2009. Amended Complaint (Doc. # 20), at 5.

A copy of this document, which reflects that it was filed in <u>State of Oklahoma v. John Charles Gauthier</u>, District Court of Cleveland County, Case No. CF-08-1216, on November 20, 2009, appears as an exhibit to Plaintiff's responsive pleadings. (Doc. # 67, Exhibit

2)(Doc. # 70, Exhibit 4).  Plaintiff has also submitted as evidentiary support a copy of a court minute dated April 5, 2012, and filed April 11, 2012, in <u>State of Oklahoma v. John Charles Gauthier</u>, District Court of Cleveland County, Case No. DC-09-19.  In this court minute, District Judge Dixon states that a hearing was conducted in the district court on October 25, 2011, and that Mr. Gauthier's "demurrer to State's Motion to Terminate is sustained.  The Court finds that the Motion to Terminate filed in [sic] November 20, 2009 alleged one Failure to Appear on August 6, 2009.  Pursuant to 22 O.S. 471.7 and supporting case law this Court finds that the Defendant has not been given sufficient progressively increasing sanctions prior to termination action." (Doc. # 67, Exhibit 1)(Doc. # 70, Exhibit 8).

Plaintiff alleges Defendants Sitzman and Simmons were prosecutors "in my drug court termination proceedings" and that Defendant Simmons sought the termination of Plaintiff from drug court "knowing the State of Oklahoma lacked the probable cause or evidence to terminate [Plaintiff] from the [Cleveland County] Drug Court Program." Amended Complaint (Doc. # 20), at 6.  He alleges that Defendants Sitzman's and Simmons' actions were "willful, oppressive, fraudulent and malicious and committed in retaliation against [Plaintiff] because [he] had petitioned the courts or other respective agencies for redress of [his] grievances and complaints against [Defendant] Sitzman and some of the other [D]efendants." <u>Id.</u>  Plaintiff alleges that "[a]s a result, [he] suffered not only the loss of about two (2) years of [his] life . . ." but he also suffers from "a condition known as 'Legal Abuse Syndrome (LAS),' which is a form of Post Traumatic Stress Disorder (PTSD) caused by my wrongful imprisonment and criminal prosecution." <u>Id.</u>  Plaintiff seeks compensatory

4

damages.

Plaintiff further alleges that Defendants Sitzman and Simmons and "other named defendants, continued drug court termination proceedings" against him "without probable cause, sufficient evidence, or the lawful right to do so" between November 20, 2009 and October 25, 2011. Id.  Plaintiff alleges that the Defendants' actions were taken "in further retaliation for petitioning the courts for redress of [his] legitimate grievances and complaints." Id.  Plaintiff alleges that on October 25, 2011, he was "acquitted, meaning the proceedings were terminated in my favor." Id.

Plaintiff alleges "Defendants, acting under Color of state law" subjected Plaintiff "to a criminal prosecution without probable cause, in retaliation for lodging or filing some grievances and complaints against Drug Court Team Members, or people closely associated to them constituting (1) an abuse of the legal process (2) malicious prosecution, and (3) successful retaliatory inducement to prosecute." Id., at 4.

II. Standard of Review - Motion to Dismiss

A motion to dismiss may be granted when the plaintiff has "failed to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).  All well-pleaded facts, as distinguished from conclusory allegations, are accepted as true, and those facts are viewed in the light most favorable to the non-moving party. Beedle v. Wilson, 422 F.3d 1059, 1063 (10th Cir. 2005). To survive a motion to dismiss, a complaint must present factual allegations that "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).  This review contemplates the assertion of "enough facts to state a

claim to relief that is plausible on its face." Id. at 570.  Thus, "when the allegations in a complaint, however true, could not raise a [plausible] claim of entitlement to relief," the cause of action should be dismissed. Id. at 558.

A *pro se* plaintiff's complaint must be broadly construed under this standard. See Erickson v. Pardus, 551 U.S. 89, 94 (2007); Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the generous construction to be given the *pro se* litigant's allegations "does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based." Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).  See Whitney v. New Mexico, 113 F.3d 1170, 1173-1174 (10th Cir. 1997)(courts "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf"). A court evaluating a Rule 12(b)(6) motion to dismiss may consider the complaint as well as any documents attached to it as exhibits. Hall, 935 F.2d at 1112.

Additionally, the court must screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate. 28 U.S.C. § 1915A(a).  The same screening of a civil complaint filed *in forma pauperis* is required by 28 U.S.C. § 1915(e)(2).  On review, the court must dismiss a complaint or any portion of it presenting claims that are frivolous or malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b), 1915(e)(2)(B).

III.  Oklahoma Drug Court Act

Because this case involves the operation of an Oklahoma drug court program, it is

necessary to summarize the relevant state law.  Pursuant to the Oklahoma Drug Court Act, Okla. Stat. tit. 22, §§ 471-471.11, each district court in Oklahoma is authorized to establish a drug court program. Okla. Stat. tit. 22, § 471.1(B).  In Oklahoma, a drug court is a "judicial intervention process for substance abuse treatment of eligible offenders which expedites the criminal case, and requires successful completion of the plea agreement in lieu of incarceration." Okla. Stat. tit. 22, § 471.1(A).

Each drug court program is coordinated by a team consisting of a judge "to administer the program," a district attorney, a defense attorney, and "other persons designated by the drug court team . . . ." Okla. Stat. tit. 22, § 471.1(B), (D).  Drug court programs in Oklahoma "require a separate judicial processing system differing in practice and design from the traditional adversarial criminal prosecution and trial systems." Okla. Stat. tit. 22, § 471.1(D). A drug court may request assistance from Oklahoma's Department of Mental Health and Substance Abuse Services ("DMHSAS"), which is by statute "the primary agency to assist in developing and implementing a drug court program. . . ." Okla. Stat. tit. 22, § 471.1(F).

Participation in an Oklahoma drug court program is voluntary, and the offender must submit a written request to be considered for drug court participation, which must be approved by the district attorney. Okla. Stat. tit. 22, § 471.2(B).  This request for drug court participation must include a "clear statement" that the offender voluntarily agrees to "the terms and conditions of a treatment plan," voluntarily agrees to enter a guilty plea as part of a written plea agreement, agrees to "sign a performance contract with the court," and agrees to complete the program, including any treatment required by the drug court. Okla. Stat. tit.

7

22, § 471.2(B).   The offender must also sign an eligibility form which clearly explains the roles and authority of the supervising staff, the district attorney, the defense attorney, the treatment provider, the offender, and the judge in the drug court program. Id.

If the offender's request to be considered for a drug court program is approved, the district attorney files the form with the drug court. Okla. Stat. tit. 22, § 471.2(D).  The drug court then refers the offender for an investigation and sets a date for a hearing to determine the offender's eligibility for admittance into the program. Okla. Stat. tit. 22, § 471.3(B). This investigation is conducted by any "person designated by the judge to perform drug court investigations." Okla. Stat. tit. 22, §§ 471.4(A), (F). By statute, an offender's statements made or information gained during a drug court investigation are not admissible in the offender's pending criminal case. Okla. Stat. tit. 22, § 471.5(A)(1).

Once the investigation is completed, a hearing is conducted before the assigned drug court judge in which the judge determines whether the offender has voluntarily consented to the drug court program's requirements and whether the offender is eligible for drug court participation based upon the findings and recommendations of the individual(s) who conducted the investigation. Okla. Stat. tit. 22, § 471.6.  Prior to this hearing, the district attorney and defense attorney must negotiate the terms of the written plea agreement "with all punishment provisions specified" in the agreement. Okla. Stat. tit. 22, § 471.4(D).

At this hearing, the offender must voluntarily sign a number of court documents before admission to the drug court program, including  a "written performance contract requiring the offender to enter the treatment program as directed by the court and participate

8

until completion, withdrawal, or removal by the court." Okla. Stat. tit. 22, § 471.6(4).  When an offender successfully completes the drug court program, the criminal case against the offender is dismissed if the offense was a first felony offense, or "[i]f the offender has a prior felony conviction, the disposition shall be as specified in the written plea agreement." Okla. Stat. tit. 22, § 471.9(A).  If the offender fails to complete the drug court program, the offender will be sentenced to serve a sentence which may include incarceration, as set forth in the written plea agreement.

Once an offender enters a guilty plea and begins the drug court program, the designated drug court judge "make[s] all judicial decisions concerning any case assigned to the drug court docket or program. . . . Reports from the treatment providers and the supervising staff shall be presented to the drug court judge as specified by the treatment plan or as ordered by the court." Okla. Stat. tit. 22, § 471.7(A).  At a minimum, the team should consist of the assigned judge, a district attorney, and a defense attorney. Okla. Stat. tit. 22, § 471.1(D).  The Drug Court Team can designate other members to assist. Id.  The presiding drug court judge monitors the progress of the drug court participant, to include "ordering progressively increasing sanctions or providing incentives, rather than removing the offender from the program when relapse occurs, except when the offender's conduct requires revocation from the program." Okla. Stat. tit. 22, §471.7(E).

Revocation from a drug court program "require[s] notice to the offender and other participating parties in the case and a revocation hearing.  At the revocation hearing, if the offender is found to have violated the conditions of the plea agreement or performance

contract and disciplinary sanctions have been insufficient to gain compliance, the offender shall be revoked from the program and sentenced for the offense as provided in the plea agreement." Okla. Stat. tit. 22, § 471.7(E).

A defendant has the right to appeal to the OCCA from a decision to revoke or terminate his or her participation in a Drug Court program. Hagar v. State, 990 P.2d 894, 898 (Okla. Crim. App. 1999). This is a "separate and distinct appeal, to be addressed on its own merits." Looney v. State, 49 P.3d 761, 765 (Okla. Crim. App. 2002).

IV. Official Capacity Claims under § 1983

Plaintiff states in his Amended Complaint that all of the individual Defendants are sued in their official and individual capacities. States, state officials named in their official capacities, and agencies or entities who are considered "arms of the State" are entitled to immunity under the Eleventh Amendment unless the State has waived its immunity. Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 (1989)(holding neither a State nor its officials acting in their official capacities are "persons" under § 1983); Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89, 98-100 (1984)(holding "the principle of sovereign immunity is a constitutional limitation on the federal judicial power," but that a State's sovereign immunity may be waived by an unequivocal expression of waiver). Although in some circumstances Congress may abrogate a State's sovereign immunity by legislation, 42 U.S.C. § 1983 does not abrogate the sovereign immunity of a State. See Quern v. Jordan, 440 U.S. 332, 345 (1979)( § 1983 does not waive States' sovereign immunity). Oklahoma has not consented to Plaintiff's suit against its state officials in their official capacities. See

Ramirez v. Okla. Dep't of Mental Health, 41 F.3d 584, 589 (10th Cir. 1994)("Oklahoma has not waived sovereign immunity against § 1983 claims in federal district court.").  Thus, the Eleventh Amendment bars Plaintiff's § 1983 action seeking damages from Defendants Sitzman, Simmons, Seright, Williams, Davis, Wilcox, and Nelson under 42 U.S.C. § 1983 to the extent they are sued in their official capacities.

Accordingly, the Motions to Dismiss by Defendants Sitzman, Simmons, Seright, Williams, and Davis pursuant to Fed.R.Civ.P. 12(b)(6) should be granted as to Plaintiff's 42 U.S.C. § 1983 claims against them in their official capacities, and the Plaintiff's § 1983 claims against these Defendants in their official capacities should be dismissed with prejudice on the basis of sovereign immunity pursuant to Fed.R.Civ.P. 12(b)(6).  Moreover, Plaintiff's claims against Defendants Wilcox and Nelson in their official capacities should be dismissed with prejudice on the basis of sovereign immunity pursuant to 28 U.S.C. §§1915A(b) and 1915(e)(2)(B).

V.  Defendants Simmons and Sitzman - Absolute Prosecutorial Immunity

Defendants Simmons and Sitzman seek their dismissal from Plaintiff's 42 U.S.C. §1983 action against them in their individual capacities on the ground of prosecutorial immunity.  Plaintiff identifies Mr. Simmons and Mr. Sitzman as prosecutors and members of the Cleveland County Drug Court Team during the relevant time period between November 20, 2009, when the members of the Cleveland County Drug Court Team "voted to terminate" Plaintiff from the Cleveland County Drug Court Program and October 25, 2011, when Garvin County Judge Greg Dixon granted Plaintiff's demurrer to the State's

petition to terminate and determined that Plaintiff should not be terminated from the Cleveland County Drug Court Program.

"Prosecutors are entitled to absolute immunity for their decisions to prosecute, their investigatory or evidence-gathering actions, their evaluations of evidence, their determinations of whether probable cause exists, and their determination of what information to show the court." Nielander v. Bd. of County Comm'rs, 582 F.3d 1155, 1164 (10th Cir. 2009). Prosecutors preparing for or participating in the proceedings of a criminal prosecution, including preparation for and participation in court proceedings involving a diversionary drug court program, are acting as advocates of the State just as if they were performing the same functions in any other court. Imbler v. Pachtman, 424 U.S. 409, 410, 430-431 (1976)(holding state prosecutor who acted within scope of his duties in initiating and pursuing criminal prosecution was not amenable to suit under 42 U.S.C. § 1983 because actions taken by prosecutors "intimately associated with the judicial phase of the criminal process" are entitled to absolute prosecutorial immunity). "[A]bsolute immunity may attach even to . . . administrative or investigative activities when these functions are necessary so that a prosecutor may fulfill his function as an officer of the court." PJ ex rel. Jensen v. Wagner, 603 F.3d 1182, 1195 (10th Cir. 2010)(quotation omitted).

Plaintiff has alleged only actions taken by Defendants Sitzman and Simmons in their roles as prosecutors in the State's prosecution of Plaintiff and related duties integrally connected with judicial proceedings.  These actions include the prosecution of Plaintiff's criminal cases, the investigation of evidence for and the presentation of evidence at

Plaintiff's plea and drug court eligibility hearings, the presentation of reports or evidentiary matters to the presiding judge with respect to probationary conditions during the period of time that Plaintiff participated in the Drug Court program, and the investigation of evidence for and the presentation of evidence at Plaintiff's Drug Court termination hearing.  For all of these acts, Defendants Sitzman and Simmons are entitled to prosecutorial immunity with respect to Plaintiff's claims against them in their individual capacities. See Burns v. Reed, 500 U.S. 478, 494 (1991)("Absolute immunity is designed to free the *judicial process* from the harassment and intimidation associated with litigation" and therefore absolute prosecutorial immunity extends to all "actions that are connected with the prosecutor's role in judicial proceedings. . . .")(emphasis in original).    Therefore, the Motion to Dismiss by Defendants Sitzman and Simmons should be granted on the basis of absolute prosecutorial immunity, and Plaintiff's claims under 42 U.S.C. § 1983 against Defendants Sitzman and Simmons in their individual capacities should be dismissed with prejudice on the ground of absolute prosecutorial immunity pursuant to Fed.R.Civ.P. 12(b)(6).

VI. Defendant Cleveland County Board of County Commissioners - Municipal Liability

Defendant Cleveland County Board of County Commissioners moves to dismiss Plaintiff's § 1983 action against them on the basis that Plaintiff has failed to state a claim for relief against this Defendant.   In Plaintiff's Amended Complaint, Plaintiff alleges that Defendant Cleveland County Board of County Commissioners is liable to Plaintiff because this Defendant "is [the] responsible party for the Cleveland County Drug Court Team pursuant to Title 19 O.S. Sections 194 and 195 . . . ." Amended Complaint (Doc. # 20), at 2.

Plaintiff also alleges that the individual Defendants "are being sued through the Cleveland County Board of County Commissioners pursuant to Title 19 O.S. Sections 194, and 195." Id. at 4.  Plaintiff's Amended Complaint contains no allegations of allegedly unconstitutional conduct by the County Defendant. "A municipality may not be held liable under § 1983 solely because its employees inflicted injury on the plaintiff." Bryson v. City of Oklahoma City, 627 F.3d 784, 788 (10th Cir. 2010)(quotation omitted), cert. denied, __ U.S. __, 131 S.Ct. 3030 (2011).  "[U]nder § 1983, a municipality is liable for the unconstitutional acts of its employees only where the action was authorized by official municipal policy." Kansas Penn Gaming, LLC v. Collins, 656 F.3d 1210, 1221 (10th Cir. 2011).  See Barney v. Pulsipher, 143 F.3d 1299, 1307 (10th Cir. 1998)("[A] municipality is liable only when the official policy is the 'moving force' behind the injury alleged.")(quotation omitted).  Plaintiff has made no attempt to allege the existence of a municipal policy as a cause for his alleged injuries. Because the only theory of liability advanced by Plaintiff in his Amended Complaint against Defendant Cleveland County Board of County Commissioners is based on respondeat superior, Defendant Cleveland County Board of County Commissioners' Motion to Dismiss should be granted pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief may be granted.

VII. Defendants Seright and Williams - Absolute Immunity

Defendants Seright and Williams have moved to dismiss Plaintiff's § 1983 action against them in their individual capacities on the ground that their actions as members of the Cleveland County Drug Court Team are protected by absolute immunity.

14

In his Amended Complaint, Plaintiff alleges that Defendant Seright "was at all times relevant hereto, a member of the Cleveland County Drug Court Team" and that Defendant Williams "was at all times relevant hereto, a member of the Cleveland County Drug Court Team." Amended Complaint (Doc. # 20), at 2.[2]  Plaintiff alleges that the "Drug Court Team" members "acting together in a conspiracy, voted to terminate me from the [Cleveland County] Drug Court program and send me to prison without probable cause, in retaliation for lodging or filing several grievances and complaints (petition for redress), against drug court team members or people they are closely associated with." Id. at 3.  Plaintiff alleges no actions by Defendants Seright and Williams other than in their capacities as members of the Cleveland County Drug Court Team.

Judges are immune from liability for damages or injunctive relief, including 42 U.S.C. § 1983 actions for alleged constitutional deprivations, when the action complained of was taken in their judicial capacity, even if that action "was in error, was done maliciously, or was in excess of [their] authority." Stump v. Sparkman, 435 U.S. 349, 356 (1978).  See Cleavinger v. Saxner, 474 U.S. 193, 199-200 (1985)(judicial "immunity applies 'however erroneous the act may have been, and however injurious in its consequences it may have proved to the plaintiff'")(quoting Bradley v. Fisher, 80 U.S. (13 Wall.) 335, 347 (1872)).

The absolute immunity of judges extends to "'non-judicial officers where their duties

---

[2]Plaintiff also alleges that Defendant Davis "was, at all times relevant hereto, a member of the Cleveland County Drug Court Team," that Defendant Wilcox "was, at all times relevant hereto, a member of the Cleveland County Drug Court Team," and that Defendant Nelson "was, at all times relevant hereto, a member of the Cleveland County Drug Court Team. . . ." Amended Complaint, at 2.  Plaintiff's claims against these three Defendants are discussed separately below.

had an integral relationship with the judicial process.'" <u>Lundahl v. Zimmer</u>, 296 F.3d 936, 939 (10th Cir. 2002)(quoting <u>Whitesel v. Sengenberger</u>, 222 F.3d 861, 867 (10th Cir. 2000)). Plaintiff has alleged only actions taken by Defendants Seright and Williams as court officials "acting under the command of a court decree or explicit instructions from a judge." <u>Henricksen v. Bentley</u>, 644 F.2d 852, 856 (10th Cir. 1981).  Plaintiff does not allege that Defendants Seright or Williams specifically took any action to impose any sanctions upon Plaintiff during his participation in the Cleveland County Drug Court program.  Under Oklahoma law, the presiding Drug Court judge makes all decisions concerning the probationary conditions and termination of a Drug Court participant.

Plaintiff's claims against Defendants Seright and Williams stem solely from Seright and Williams' actions undertaken as a part of their official duties for the court, and these actions are integrally connected with the judicial process.  For these actions as alleged by Plaintiff against Defendants Seright and Williams in his Amended Complaint, Defendants Seright and Williams are entitled to absolute immunity. <u>See</u> <u>Trackwell v. U.S. Government</u>, 472 F.3d 1242, 1247 (10th Cir. 2007)(when a court clerk "assists a court or judge in the discharge of judicial functions, the clerk is considered the functional equivalent of the judge and enjoys derivative [absolute judicial] immunity"). <u>See</u> <u>also</u> <u>Thorne v. Hale</u>, 2009 WL 3733344, at * 6 n. 1 (E.D. Va. Oct. 29, 2009)(unpublished op.)(holding drug court administrator was protected by derivative absolute judicial immunity because she acted in obedience to judicial order or under court's direction), <u>aff'd</u>, 370 Fed.Appx. 437, 2010 WL 1018048 (4th Cir. 2010)(unpublished order).

16

Therefore, Defendants Seright and Williams' Motion to Dismiss Plaintiff's § 1983 action against them in their individual capacities should be granted, and Plaintiff's claims under 42 U.S.C. § 1983 against Defendants Seright and Williams in their individual capacities should be dismissed with prejudice on the ground of absolute judicial immunity pursuant to Fed. R. Civ. P. 12(b)(6).

VIII. Defendants Seright, Williams, Davis, Wilcox, and Nelson - Qualified Immunity

In Plaintiff's Amended Complaint, Plaintiff alleges that Defendant Seright "was, at all times relevant hereto, a member of the Cleveland County Drug Court Team. . . ." Amended Complaint (Doc .# 20), at 2.  Plaintiff makes identical allegations concerning Defendants Williams, David, Wilcox, and Nelson. Id.  Defendants Seright, Williams, Davis, Wilcox, and Nelson has moved to dismiss Plaintiff's cause of action against him pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief may be granted and on the ground  that he is entitled to qualified immunity with respect to Plaintiff's § 1983 claims against him in his individual capacity.[3]

Although Defendants Seright, Williams, Davis, Wilcox, and Nelson have couched their Motions as seeking dismissal under Rule 12(b)(6) on the basis of qualified immunity, Defendants have relied on evidentiary materials outside of the pleadings in support of their Motions.  Plaintiff was advised of his obligations in responding to these dispositive Motions

---

[3]Defendants Seright and Williams have alternatively sought judgment based on qualified immunity.  Defendants Davis, Wilcox, and Nelson do not address the issue of absolute immunity with respect to Plaintiff's individual capacity claims against them asserted in the Amended Complaint.

under Rules 12 and 56.  Accordingly, Defendants Seright, Williams, Davis, Wilcox, and Nelson's Motions to Dismiss are construed as motions seeking summary judgment.

Summary judgment may be granted when there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a).  In considering a motion for summary judgment, the court reviews the evidence and inferences drawn from the record in the light most favorable to the nonmoving party.  Burke v. Utah Transit Auth. & Local, 462 F.3d 1253, 1258 (10th Cir. 2006)(quotation omitted), cert. denied, 550 U.S. 933 (2007).  A dispute is "genuine" if a reasonable jury could return a verdict for the nonmoving party.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). "Material facts" are "facts which might affect the outcome of the suit under the governing law." Id.  "At the summary judgment stage, a complainant cannot rest on mere allegations, but must set forth by affidavit or other evidence specific facts, which for purposes of the summary judgment motion will be taken to be true." Burke, 462 U.S. at 1258 (internal quotation marks and citations omitted).[4]  "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986)(quotations omitted).

"Qualified immunity shields government officials from civil damages liability unless

---

[4]In a prisoner civil rights case such as this one, the plaintiff's complaint is treated as an affidavit if it alleges facts based on the plaintiff's personal knowledge and has been sworn under penalty of perjury. Hall, 935 F.2d at 1111.

the official violated a statutory or constitutional right that was clearly established at the time of the challenged conduct." <u>Reichle v. Howards</u>, __ U.S. __, 131 S.Ct. 2088, 2093 (2012)(citing <u>Ashcroft v. al-Kidd</u>, 563 U.S. __, 131 S.Ct. 2074, 2080 (2011)). District courts have "discretion to decide which of the two prongs of qualified-immunity analysis to tackle first." <u>Ashcroft</u>, 131 S.Ct. at 2080. <u>See</u> <u>Pearson v. Callahan</u>, 555 U.S. 223, 236 (2009).

Plaintiff alleges in his Amended Complaint that the Cleveland County Drug Court Team members, which included Defendants Seright, Williams, Davis, Wilcox, and Nelson, while acting in concert, induced Defendant prosecutors Sitzman and Simmons to seek his termination from the Drug Court program as retaliation for his "lodging or filing several grievances and complaints . . . against drug court team members or people they are closely associated with." Amended Complaint (Doc. # 20), at 3.  Plaintiff also alleges a lack of probable cause to support the drug court termination proceedings.

In a <u>Bivens v. Six Unknown Fed. Narcotics Agents</u>, 403 U.S. 388 (1971), action involving an individual who had been acquitted in a federal fraud prosecution, the Supreme Court held that a plaintiff cannot state a claim of retaliatory prosecution in violation of the First Amendment if the charges were supported by probable cause. <u>Hartman v. Moore</u>, 547 U.S. 250 (2006).  In <u>Hartman</u>, the Court recognized that "[a] <u>Bivens</u> (or § 1983) action for retaliatory prosecution will not be brought against the prosecutor, who is absolutely immune from liability for the decision to prosecute . . . .   Instead, the defendant will be a nonprosecutor . . . who may have influenced the prosecutorial decision but did not himself make it, and the cause of action will not be strictly for retaliatory prosecution, but for

successful retaliatory inducement to prosecute. The consequence is that a plaintiff . . . must show that the nonprosecuting official acted in retaliation, and must also show that he induced the prosecutor to bring charges that would not have been initiated without his urging." Id. at 261-262.

As the Court recognized in Hartman, "the plaintiff in a retaliatory-prosecution claim must prove the elements of retaliatory animus as the cause of injury, and the defendant will have the same opportunity to respond to a prima facie case by showing that the action would have been taken anyway, independently of any retaliatory animus." Id. at 260-261. The Supreme Court reasoned in Hartman that there is a "longstanding presumption of regularity accorded to prosecutorial decisionmaking" which presumes "that a prosecutor has legitimate grounds for the action he takes." Id. at 263. This presumption is overcome in a retaliatory inducement case only when there is demonstrated evidence of "a retaliatory motive on the part of an official urging prosecution combined with an absence of probable cause supporting the prosecutor's decision to go forward" with the prosecution. Id. at 265.

In a retaliatory prosecution case "there will always be a distinct body of highly valuable circumstantial evidence available and apt to prove or disprove retaliatory causation, namely evidence showing whether there was or was not probable cause to bring the criminal charge. Demonstrating that there was no probable cause for the underlying criminal charge will tend to reinforce the retaliation evidence and show that retaliation was the but-for basis for instigating the prosecution, while establishing the existence of probable cause will suggest that prosecution would have occurred even without a retaliatory motive." Id. at 261.

Because the existence or nonexistence of probable cause carries such significance in a retaliatory prosecution cause, the Court held that a showing of the absence of probable cause is an element of plaintiff's case that "must be pleaded and proven." Id. at 265-266.

As in Hartman, Plaintiff's § 1983 claim against Defendants Seright, Williams, Davis, Wilcox, and Nelson is one for "successful retaliatory inducement" of the prosecutors to seek Plaintiff's termination from the Cleveland County Drug Court program. Hartman, 547 U.S. at 262. Thus, under Hartman, "[i]f there is a finding that retaliation was not the but-for cause of the [adverse action, in this case, the motion seeking termination of Plaintiff from drug court], the claim fails for lack of causal connection between unconstitutional motive and resulting harm, despite proof of some retaliatory animus in the official's mind." Id. at 260. Plaintiff must therefore plead and prove that the prosecutors lacked cause to seek his termination from the Cleveland County Drug Court program.

Documentary evidence presented by the parties includes a copy of the Motion to Terminate and Sentence in Accordance with Plea Agreement filed on November 20, 2009, in the District Court of Cleveland County in Plaintiff's criminal and drug court proceedings, State v. Gauthier, Case Nos. CF-2008-1216 and DC-09-19. The Motion reflects that Plaintiff's termination was sought by the prosecution because, in violation of the Performance Contract Plaintiff signed as part of his plea agreement, Plaintiff had "[f]ailed to Appear for Drug Court on August 6, 2009." Defendant Nelson's Motion to Dismiss (Doc. # 44), Ex. 1; Plaintiff's Response to Defendant Cleveland County Board of County Commissioners and Carrie Davis's Motion to Dismiss and Brief in Support (Doc. # 67), Ex.

21

2.  According to documentary evidence presented by Plaintiff, Plaintiff's demurrer to the prosecution's Motion to Terminate was sustained, and the trial court reasoned that the demurrer was sustained because Plaintiff had "not been given sufficient progressively increasing sanctions prior to termination action." Plaintiff's Response to Defendant Cleveland County Board of County Commissioners and Carrie Davis's Motion to Dismiss and Brief in Support (Doc. # 67), Ex. 1 (Order filed April 11, 2012, in State v. Gauthier, Case No. DC-09-19, District Court of Cleveland County).

Unlike the circumstances in an ordinary criminal prosecution, in Oklahoma decisions to revoke or terminate an individual from a drug court program are made by the presiding trial judge. Lewis v. State, 220 P.3d 1140, 1143 (Okla. Crim. App. 2009)("The decision to revoke or terminate a Drug Court defendant is within the trial judge's discretion.").   The drug court team merely "oversee[s] implementation of the Drug Court program with regard to each Drug Court participant." Alexander v. State, 48 P.3d 110, 113 (Okla. Crim. App. 2002)("Whenever possible, a Drug Court team is to be established to oversee implementation of the Drug Court program with regard to each Drug Court participant.").   By statute, it is the presiding judge's responsibility to "order[ ] progressively increasing sanctions or provid[e] incentives, rather than removing the offender from the program when relapse occurs, except when the offender's conduct requires revocation from the program." Okla. Stat. tit. 22, §471.7(E).

Under the unique circumstances here, it cannot be said that the prosecution did not have probable cause to seek Plaintiff's termination from the Cleveland County Drug Court

program.  Plaintiff's alleged violation of the terms of his Performance Contract certainly provided grounds for seeking his termination from the drug court program. Plaintiff admits in a responsive pleading that he had failed to appear for a scheduled drug court appearance on August 6, 2009. Plaintiff's Motion to Supplement Traversal Brief and Objection to Defendants Rick Sitzman and Zac Simmons Motion to Dismiss (Doc. # 70), at 4. The fact that ultimately the presiding judge did not terminate Plaintiff from the drug court program is not indicative of whether probable cause existed at the time the motion to terminate was filed by the prosecution.

With respect to Plaintiff's claim of retaliatory inducement, and considering  the undisputed facts in the light most favorable to Plaintiff, no reasonable juror would find from the undisputed facts that Defendants Seright, Williams, Davis, Wilcox, and Nelson or other members of the Drug Court team induced the prosecutors to seek Plaintiff's termination from drug court in retaliation for Plaintiff's First Amendment activities.  See Hartman, 547 U.S. at 262 (plaintiff claiming retaliatory inducement must show that the defendant non-prosecutor "induced the prosecutor to bring charges that would not have been initiated without his urging").  Accordingly, Defendants Seright, Williams, Davis, Wilcox, and Nelson's motions for summary judgment based on qualified immunity should be granted.[5]

---

[5]In light of the foregoing recommendations, it is not necessary to address these Defendants' alternative arguments presented in their Motions to Dismiss.

RECOMMENDATION

Based on the foregoing findings, it is recommended that (1) the Motions to Dismiss by Defendants Sitzman, Simmons, Seright, Williams, and Davis (Docs. # 24, 25, 38) pursuant to Fed.R.Civ.P. 12(b)(6) be GRANTED as to Plaintiff's 42 U.S.C. § 1983 claims against them in their official capacities, and the Plaintiff's § 1983 claims against these Defendants in their official capacities be DISMISSED WITH PREJUDICE on the basis of sovereign immunity; (2) Plaintiff's claims against Defendants Wilcox and Nelson in their official capacities be DISMISSED WITH PREJUDICE on the basis of sovereign immunity pursuant to 28 U.S.C. §§ 1915A(b) and 1915(e)(2)(B); (3) the Motion to Dismiss (Doc. #24) by Defendants Sitzman and Simmons be GRANTED and the cause of action against Defendants Sitzman and Simmons be DISMISSED WITH PREJUDICE on the ground of absolute prosecutorial immunity; (4) the Motion to Dismiss (Doc. # 25) by Defendant Cleveland County Board of County Commissioners be GRANTED and the cause of action against Defendant Cleveland County Board of County Commissioners be DISMISSED WITHOUT PREJUDICE for failure to state a claim upon which relief may be granted; (5) the Motion to Dismiss (Doc. # 38) by Defendants Williams and Seright be GRANTED and the cause of action against Defendants Williams and Seright in their individual capacities be DISMISSED WITH PREJUDICE on the ground of absolute judicial immunity; and (6) the Motions to Dismiss (Doc. # 25, 38, 44, and 100) by Defendants Williams, Seright, Davis, Wilcox, and Nelson be construed as motions for summary judgment with respect to Plaintiff's claims against them in their individual capacities and, so construed, the Motions

24

be GRANTED and judgment enter in favor of Defendants Williams, Seright, Davis, Wilcox, and Nelson in their individual capacities and against the Plaintiff on the ground of qualified immunity.   The parties are advised of their respective right to file an objection to this Supplemental Report and Recommendation with the Clerk of this Court by   December 11th, 2012, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72.   The failure to timely object to this Supplemental Report and Recommendation would waive appellate review of the recommended ruling. Moore v. United States, 950 F.2d 656 (10th Cir. 1991); cf. Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996)("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.").

This Supplemental Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter, and any pending motion not specifically addressed herein is denied.

ENTERED this   21st   day of   November   , 2012.


GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE