IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| JOHN CHARLES GAUTHIER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. CIV-12-058-D |
| | ) | |
| CLEVELAND COUNTY BOARD OF COUNTY COMMISSIONERS, et al., | ) ) | |
| | ) | |
| Defendants. | ) | |

**O R D E R**

Plaintiff, a state prisoner appearing *pro se* and *in forma pauperis*, brought this action pursuant to 42 U.S.C. § 1983. He asserts numerous constitutional deprivations and seeks damages and other relief from eight Defendants, including the Cleveland County Board of County Commissioners. Pursuant to 28 U.S.C. § 636(b)(1)(B), the matter was referred to United States Magistrate Judge Gary M. Purcell for initial proceedings.

Defendants moved for dismissal of all counts. On November 21, 2012, the Magistrate Judge filed a Supplemental Report and Recommendation [Dkt. # 106] in which he set forth detailed recommendations to the Court. In the Supplemental Report and Recommendation, Judge Purcell advised Plaintiff of his right to object to the findings and conclusions set forth therein and scheduled a December 11, 2012 deadline for filing such objections. He also expressly cautioned Plaintiff that a failure to timely file objections would result in a waiver of the right to appellate review of the matters determined in the report.

The deadline for filing objections has expired, and Plaintiff has not filed an objection to the Supplemental Report and Recommendation or sought an extension of time in which to do so. Therefore, the Supplemental Report and Recommendation [Dkt. # 106] is adopted as though fully set forth herein.

Accordingly, the Motions to Dismiss by Defendants Sitzman, Simmons, Seright, Williams, and Davis [Dkts. # 24, 25, 38] pursuant to Fed. R. Civ. P. 12(b)(6) are GRANTED as to Plaintiff's 42 U.S.C. § 1983 claims against them in their official capacities, and the Plaintiff's § 1983 claims against these Defendants in their official capacities are DISMISSED WITH PREJUDICE on the basis of sovereign immunity; (2) Plaintiff's claims against Defendants Wilcox and Nelson in their official capacities are DISMISSED WITH PREJUDICE on the basis of sovereign immunity pursuant to 28 U.S.C. §§ 1915A(b) and 1915(e)(2)(B); (3) the Motion to Dismiss [Dkt. # 24] by Defendants Sitzman and Simmons is GRANTED and the cause of action against Defendants Sitzman and Simmons is DISMISSED WITH PREJUDICE on the ground of absolute prosecutorial immunity; (4) the Motion to Dismiss [Dkt. # 25] by Defendant Cleveland County Board of County Commissioners is GRANTED and the cause of action against Defendant Cleveland County Board of County Commissioners is DISMISSED WITHOUT PREJUDICE for failure to state a claim upon which relief may be granted; (5) the Motion to Dismiss [Dkt. # 38] by Defendants Williams and Seright is GRANTED and the cause of action against Defendants Williams and Seright in their individual capacities is DISMISSED WITH PREJUDICE on the ground of absolute judicial immunity; and (6) the Motions to Dismiss [Dkts. # 25, 38, 44,

and 100] by Defendants Williams, Seright, Davis, Wilcox, and Nelson are construed as motions for summary judgment with respect to Plaintiff's claims against them in their individual capacities and, so construed, the Motions are GRANTED and judgment entered in favor of Defendants Williams, Seright, Davis, Wilcox, and Nelson in their individual capacities and against Plaintiff on the ground of qualified immunity.

IT IS SO ORDERED this 28th day of December, 2012.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE